Elvin Jose Torres-Estrada v. Carlos Casas et al. At this time, if Attorney Curtis could introduce herself on the record to begin. Just hold on one second. Let Ms. go. Okay. May it please the Court, Annalee Curtis for Plaintiff Appellant Elvin Torres-Estrada. May I reserve two minutes for rebuttal? You may. This Court held in Limone that the discretionary function exception to the Federal Tort Claims Act does not apply to the government's unconstitutional conduct. Mr. Torres-Estrada has alleged that the FBI engaged in tortious and unconstitutional conduct, including that the FBI requested that the Bureau of Prisons place him in solitary confinement to weaken him psychologically and make him more susceptible to informants. Those allegations must be taken true at this stage of the litigation. The government didn't directly challenge them below. Can I just make sure I understand something? The way you've briefed it and the way you've just presented it makes me think that you're only proceeding on a theory as to each claim that there was unconstitutional conduct proved with respect, will be proved with respect to each claim. Is that right? Well, I think there is unconstitutional conduct underlying each claim, but the arguments are not limited to that if I've understood your question correctly. Well, I just can't tell. Are you also saying that even, are there any allegations in the complaint of wrongful conduct and the reason it's wrongful is apart from it being unconstitutional? The significance of that, I think, should be evident to you because it may affect what we have to decide in the case. Your Honor, I think that there is unconstitutional conduct underlying each of the claims of tort, and that's in part because the conduct that's at issue here is a course of conduct. So I think it would be a mistake to divide out individual instances of things that happened to Mr. Torres-Estrada and kind of dice them like that. We have an overall course of conduct here that is itself unconstitutional but also tortious. And so I think deciding the question on the grounds that Limone would demand would dispose of the dismissal on all of the FTCA claims. Now, the Bivens claims, of course, are separate. Let me ask you just a slightly different way. If we thought Limone and other cases indicated that there was some requirement of clarity with respect to a constitutional claim, is there any claim that's raised that is being raised in its nonconstitutional form? Your Honor, I'm not sure that I understand the question, but let me try to respond. The reason it matters is the law enforcement exception and its relationship to the discretionary function exception is an issue that has to be tackled unless Limone applies. Because if Limone applies, then even if the discretionary function exception applies, notwithstanding the law enforcement provision, it doesn't matter because if it's a constitutional claim, then he still can go forward. Correct. So what I'm trying to figure out is if we ruled on that basis, and I'm not saying we would, but if we were to rule on that basis, that would mean that what you were left with was claims that could only go forward insofar as you could show them to be constitutional violations. Do you follow? Yes. So now I'm trying to figure out, because I couldn't from the briefing or the complaint, is there any other type of claim you're trying to preserve in which you wouldn't be showing the constitutional thing, or would you be perfectly happy if that's the ruling you got because there's nothing left you're trying to show? I think we'd be happy with that and do contend that all of the claims arise out of unconstitutional. Okay, that's helpful. Thank you. And, Your Honor, just to transition, I guess, to the interplay between the discretionary function exception and the law enforcement clause. Before you do that, because there's a time bar issue that precedes that, and there's also the clarity question. As I understand it, the response on clarity is in part that qualified immunity doesn't apply here, and I understand that. But that seems somewhat distinct for me from the question that the government seems to be pressing, which isn't in the form of qualified immunity but is in the form of whether it's a discretionary function, and that the mere allegation that there was unconstitutional conduct isn't enough to wipe away the discretionary function exemption. Some more detailed showing needs to be made about the clarity of the constitutional violations so that we could say there was no discretion that was being exercised. I didn't see that really being addressed in your brief. Well, Your Honor, there's nothing the government cites for that proposition, I would say, first, so there's no evidence that that is a requirement. And the D.C. Circuit rejected that position. Well, they rejected it with respect to the qualified immunity variant of it, as I understand it. But if the alleged constitutional violation is articulated in some way that's relatively general, how could we say that it would be clear that there was no discretion being exercised just because you invoked the Constitution? I mean, after all, there's no discretion to commit torts either. So I don't really understand the point. Right. So, Your Honor, the limone, first of all, does not require a clear constitutional violation. There just happened to be a clear constitutional violation. So it doesn't say you don't need one. Well, yeah, I think there's no clear ruling either way. However, I would say that there are clear violations pled here. There's no indication that, you know, there was any problem with them below. And I could point you to a few theories of what the constitutional violations would be based on the facts that have been pled, if that would be helpful. But, you know, the district court could have and did not decide that there were pleading problems with the constitutional claims. And so I don't know of any authority for the proposition that there's, you know, you have to plead with particularity or there's a higher pleading standard when you have unconstitutional conduct that underlies a tort claim. And so I'm not aware of any authority for that proposition. And I can point you to some cases under the Constitution. Okay. And then one last point on this, and then I do want you to just the time bar. But before we get to the time bar, either of my colleagues want to address any of these issues because there's so many different interwoven questions here. I don't mean this to sound other than just as an honest question. What is the claim? Are there many claims? Is there a single claim? I'm having trouble figuring out. There's a lot of constitutional provisions pled. There's this course of conduct idea. There's a continuing violation. I'm having trouble grasping. What is the claim? So the claim, Your Honor, of course, there are six different counts. But the claim that I think is at the heart of this case is that there's… So there's six counts and each count is a different claim? Well, maybe I don't know what you mean by claim then. I mean there are six different… When I try to figure out whether something is time barred, usually I look at a claim and I try to figure out is that claim time barred. So how many am I looking at here? One, six? Well, I think it's six different counts if I can continue. No. There are six different counts based on a single course of conduct. That course of conduct includes activity that feeds into all of the different… Is each claim itself a course of conduct? Does that matter for the time bar analysis? I think not. It's not. So the course of conduct gives rise to each of the claims. For example, negligence, assault, battery, false imprisonment. That doesn't make sense to me, honestly, because in a course of conduct, if a claim happens that's a discrete claim as part of the course of conduct, then that's just a claim and you apply time bar analysis to that claim. If you're making a pattern and practice type of claim, that's a single claim, which I guess the idea would be there's no claim until all of it occurred, then we look at the last thing. But I just can't tell what's being asked of us and how to do the time bar analysis. Do you see what I'm saying? Yes, I understand. So I would focus you on the false imprisonment claim because I think that most directly maps onto the course of conduct that's being alleged here. And basically what we have is a situation where the FBI thinks that Mr. Torres Estrada apparently was involved in the murder of a correctional officer and has used their authority over his body while he's incarcerated for a different crime to try to weaken his resolve in order to make him more susceptible to their investigative tactics. And the law in Puerto Rico is relatively clear on false imprisonment. That is something that, of course, can span over a period of time. And I take your point that something like assault, for example, is more of a discreet event. Same with battery. But I would focus the court on the false imprisonment claim as being kind of the problem of the complaint conduct here. Which count is that? That's just one of the counts, though, right? Yeah, it's either five or six. I don't remember exactly which count. And so are you making any argument that all of the counts are also subject to a continuing violation theory? Well, I think they are all in some sense subject to continuing violation because they form that whole course of conduct. So, you know, you're probably thinking of the assault, for example, that happens in 2014. The search. The search that happens in 2014. Is that a separate count in the complaint? So assault is a separate count in the complaint. Battery is a separate count in the complaint. So you're making any argument that that count, if I treat it as a claim, isn't time barred because of a continuing violation theory as to that count? No, Your Honor. However, I would note that we have also asked in the alternative for leave to amend because there were other assaults and batteries that took place. So the only real count that we should focus on for the continuing violation is the false imprisonment one? At least with respect to, you know, what's already been pled. And I would just say that we've asked in the alternative for leave to amend because there have been other things that have happened. And so, you know, there are other discrete instances. But that's the only one. Well, there's also negligence, which happens over a course of time. I think that's count two. So the negligence and false imprisonment counts undoubtedly spread over a period of time. Assault and battery are a little bit more discrete, but they form part of the overall course of conduct that Mr. Torres-Estrada has been subjected to in the course of his incarceration. And that's true of the search, too. Yes. So I'll turn to the interplay between the discretionary function exception and the law enforcement clause, if you'll permit me. I'm out of time. So the discretionary function exception doesn't apply, we argue, because the law enforcement clause waives sovereign immunity without respect to any of the other exceptions. Only because you're over it. I mean, your briefing is pretty well developed. Do you have any questions about it? Judge Lopez, do you? Nothing further. Thank you. Thank you, counsel, at this time. Would Attorney Sinsdak please introduce himself on the record to begin? Thank you. May it please the Court, Jerry Sinsdak, appearing on behalf of the United States. Your Honor, as I know there are a lot of issues here, I'm happy to address any of them. But I think one thing that's kind of important to start with is just, as this Court has noted with respect to the discretionary function exception, is what is the conduct at issue that's being complained about? And I think plaintiff has made clear on appeal now that his focus is on the FBI, and it's specifically on the FBI's decision to inform BOP that he was a suspect in the murder of Lieutenant Alvarado. And I think once you focus on that, with respect to the constitutional issue and the discretionary function issue, I think it's pretty clear that there simply isn't an easiest way to resolve the constitutional issue. It's just to hold, like the Fifth Circuit in the Campos case, that there just aren't plausible allegations of a constitutional violation here. But should we figure that out here, since the District Court didn't get into any of that, and just deal with the time bar issue? If the time bar issue was handled wrongly, just send it back? Because even on the futility argument, that wasn't based on the theory you're now pressing, right? In denying the leave to amend. Well, I mean, the theory we're pressing is that the discretionary function exception covers all of the conduct alleged here, with respect to the FBI. But they have a fallback argument that even if you're right about that, it doesn't matter because Limone applies it. And you say, no, it doesn't. And the ins and outs of that, the District Court hasn't weighed in on at all. Well, I think, I mean, in part, because I don't know that that issue was squarely presented to the District Court. And that is all the more reason for, if there is a waiver or something like that, District Court can figure that out. You guys can have a good time with it. Well, Your Honor, I guess, yeah, I understand Your Honor's point. I mean, I would say we did raise in the District Court that these allegations are not possible. And then you make that point to them. I'm just saying there's a complexity to that set of questions, which the District Court has not weighed in on. Your Honor, I agree it is a complex question. I think in this case, given, you know, the fact that we pointed out on appeal that these allegations aren't sufficient to make out a constitutional violation,  informs the BOP that someone in their custody is a suspect, that that can rise to the level of a constitutional violation. And the allegations themselves are just conclusive re-allegations. So I think this Court could adopt the view that it doesn't have to reach the level of constitutional violation because it simply doesn't meet the threshold for a constitutional violation. With respect to the ground actually relied on by the District Court? The District Court concluded that decisions by, and he's disavowed decisions by the BOP as being the basis for his claim. But decisions of the FBI to investigate what investigative techniques to use, whether to use confidential informants or whether to inform the BOP, the District Court concluded that those are discretionary. And the plaintiff hasn't alleged that there's any problem. But he did not engage with the Lamone point in doing so. He did not. He did not. So if we thought, look, that hasn't been addressed, typically we take things that are addressed. So go back on that. There was a separate, and that therefore isn't just, is not fully sufficient as an analysis of that aspect, even on your own theory. You don't take the theory that you just stop with the discretionary function without looking at what the role of the constitutional violation would be. Right. Well, part of the discretionary function analysis is whether there is discretion. It includes having to take account of that under the Lamone. Yeah, exactly. Okay. So if we thought that's not sufficient to support the judgment below, there's still the time bar issue. And with respect to that, if I've understood what's happened now at oral argument, is that only pieces of the complaint are said to be subject to the continuing violations theory, namely the false imprisonment and negligence. Right. And I think the only count that the district court dismissed on time bar grounds was the search, presumably the assault and battery counts, because those were related to the search that had taken place prior to that. So I think that this court could affirm the dismissal of those counts on that ground. And then obviously we would urge the dismissal on the discretionary function grounds of the remaining counts. Obviously this court, you know, the primary argument was that the law enforcement proviso overwhelms the discretionary function. We disagree with that as numerous courts have as well. And so we would urge affirmance of the district court on that ground. And the only thing I would add to this colloquy is simply, you know, I think the problem of this complaint is about the BOP and their conduct in placing him in security protocols and two-hour watch programs. If he believes that the BOP erred in some respect, is acting unreasonably, is relying on stale information and so forth, there are administrative procedures available in the BOP to raise those claims, to make all the points he's made here about how he wasn't convicted of the crime and they shouldn't rely on that information, it's old, et cetera. And he can pursue those procedures. And he hasn't done that. He's kind of making an end run by saying the FBI acted improperly and simply naming him as a suspect. Is that the exhaustion point? That is. That is. And, you know, with respect to the BOP, I mean one reason why he may have abandoned any idea or any challenge to their conduct is because he hasn't exhausted his claims with respect to the BOP officers. And so any – What would the – if the BOP is not the relevant actor – Right. What would the exhaustion look like with respect to the FBI? Well, he did file an administrative claim with the FBI and with, I believe, with the U.S. Attorney's Office here in Puerto Rico with respect to the FBI. So we're not challenging that exhaustion with respect to the FBI. But, you know, so that's why I think his claims on appeal are – But if he's saying, look, I was – Claims on appeal are what? His claims on appeal seem to – They're shrinking. They're now focused on the FBI and not on the BOP. And my only point is that, you know, again, he can raise these claims if he's unhappy with the conditions of his confinement in the appeal – That's the BOP point. That's BOP, yes. But what you're saying, the understanding now is they're not really pressing that point. Right. I'm just making this sort of atmospheric point that, you know, the FBI – Here the challenge is really kind of the FBI shouldn't have named me as a suspect when it was investigating this murder. And, you know, we don't think that – You know, that was a discretionary act. It's subject to policy analysis. And it's not unconstitutional for the FBI to simply inform BOP that he was a suspect. And there's no authority. I don't think I got an answer to you on false imprisonment and negligence. Are you disagreeing that it's a continuing violation? Well, let me put it to you this way. I think with respect to those, those were – those are timely to the extent that he's saying the FBI, you know, informed BOP, you know, within the statute of limitations, or I think part of his claim is that they haven't rescinded the information that they have provided that he was claimed. So in the sense that his claims are tied to this idea that the FBI informed BOP that he was a suspect and haven't rescinded that view. And those occurred within the statute of limitations because – So you would say those two are not time-barred? Again, to the extent they're based on the FBI, the fact that the FBI has informed BOP that he's a suspect, we're not arguing that those are time-barred. To the extent he's challenging kind of concrete – Could I just understand where we seem to have landed? Right. The negligence and false imprisonment claims, insofar as they're against the FBI, are not time-barred. That's correct. They're exhausted. Yes. And the only ground that then remains that the district court has given for dismissing them is the application of the discretionary function exception without applying limonic. I'm just making sure that was the – I think that's right, Your Honor. I'm just trying to think if there were any grounds. And so even the government's not taking the position that that ground for dismissal is permissible. You just are asking us to affirm it on different grounds than the one given. Well, the ground given by the district court was that the discretionary function exception applies. Correct. We are arguing that you should affirm on that ground. No, you're not. You're saying that we should after you apply limonic, which the district court has not done. I mean, you could say the district court didn't go as far as it should have in its analysis. Is there a way to say otherwise on that, on your theory? Yes. I mean, he didn't press this point. Are you saying it was waived below? Well, I mean, I think we – anyway, I'm not – I'm just trying to figure out. I mean, all I'm saying is the district court concluded – I mean, I think the question of the constitutional violation or not wasn't really squarely raised in the context of the discretionary function exception, so this court could hold it waived. You know, I think – or this court could just suggest it directly and hold that here. Like I said, there was not even – we did certainly make the point that there was not a clear constitutional violation or any constitutional – plausible constitutional violation here. The court could hold that and then agree with the district court's analysis on the discretionary function exception otherwise and remand. So I – that is the point. So we are asking for an affirmance on the discretionary function ground. If you think the district court's analysis was deficient, obviously you could rule on that. That's the path? Nothing. Thank you. Thank you, Your Honors. Oh, I'm sorry. I did have one point. On the discretionary function and the law enforcement override. Right. I understand the textual argument. There's one part of the legislative history that, if I am reading it right, seems squarely inconsistent as a description of what the carve out for law enforcement did with what you're asking us to do. It's a pretty bold statement. And I think it's the Senate report which just says that the sovereign immunity won't be available on those claims as a defense. And that seems just hard to square with what I understand all the other ways in which you get there. But it does concern me that this was not like a casual amendment to the FPCA. So obviously, Your Honors, you know that there's no reason to get to the legislative history because the text and structure of the statute and where it's placed and so forth, they're all – and as the Supreme Court said in Millbrook, that's where the analysis should end. I think actually in terms of the legislative history, I think it's a little less clear than Your Honors are suggesting. I think what was clear was, for example, the Senate was worried about, for example, the conduct that happened in Bivens. The Bivens case itself actually acknowledges and remands for the question of whether the officers were entitled to immunity. So I think, as the Supreme Court pointed out in Carlson, the legislative history shows it viewed the law enforcement provisos analogous to the Bivens situation and complementary. And so where officers wouldn't be liable under Bivens, the U.S. shouldn't be liable under the law enforcement proviso. And so I think in discretionary function exception, of course, incorporates official immunities. That was sort of the purpose behind it, the same sort of animating immunities. And so I think reading the legislative history sort of more in context, it was really trying to draw the analogy to Bivens and to those types of actions. Thank you. Thank you, counsel. At this time, Attorney Curtis has a two-minute rebuttal. Just a few quick points. First, I just wanted to emphasize something that I think was not totally clear in our briefs, which is that it's not just this note in his file that is the kind of ongoing problem, but Mr. Torres-Estrada also alleges that he was placed in solitary confinement for over 26 months in basically a three-year period at the request of the FBI for the purpose of weakening his resolve. So I just wanted to emphasize that and note that that is a due process violation under the Fifth Amendment, under the Supreme Court's decision in Sand and v. Conner and the circuit's decision in Superintendent v. Revis. The second thing is I wanted to point the court to- Sorry, so which claim does that, which count does that go to? So that would be for the false imprisonment count and negligence, yes. But the piece of the, that's over. What's over? The segregated confinement. Well, that's not in the record, actually, although I believe it is true that he's not currently being held in solitary confinement. But as of the time the complaint was filed, he was still being placed repeatedly into solitary confinement. The second point I wanted to make is just to point the court to Lumiere, which is the D.C. Circuit decision on the question of continuing violation. The facts there are somewhat analogous with an OCC investigation. The third point is that there has been no waiver. There was some discussion of waiver in the colloquy before. If you look at Appendix 360, there is a statement by Mr. Torres-Estrada in opposition to the motion to dismiss that the discretionary function exception does not apply to obvious violations of law and crimes. It doesn't mention Limone specifically, but goes into detail about the unconstitutional conduct that the government has engaged in. And then the final point is just to emphasize that we do think remand is the appropriate outcome here. Fact discovery is required to really sort through the issues in this case. And on the assault and battery counts, we would just ask that if the court is not going to vacate the decision on those counts, that leave to amend be included in the decision. Thank you. That concludes argument in this case. Counsel is excused.